IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KAJUAN M. JACKSON,

Plaintiff,

v.                                          CASE NO. 20-3253-SAC

ATCHISON POLICE DEPARTMENT, et al.,

Defendants.

MEMORANDUM AND ORDER
TO SHOW CAUSE

Plaintiff KaJuan M. Jackson, a prisoner at the El Dorado Correctional Facility in El Dorado, Kansas, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff requests leave to proceed *in forma pauperis*.  For the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed.

**I.  Nature of the Matter before the Court**

On June 19, 2020, Plaintiff pled guilty to three felony counts in the District Court of Atchison County, Kansas (fleeing and eluding, possession of methamphetamine, and criminal possession of a weapon by a convicted felon).  *State v. Jackson*, Atchison County Case No. 2020-CR-60.  The charges resulted from a traffic stop.  In connection with the charges, Atchison police officers or deputy sheriffs seized Plaintiff's vehicle and various items of personal property contained in the vehicle.  According to Plaintiff, he was moving and had all of his personal property in the vehicle.  He asked family members to retrieve the vehicle and property about three weeks

after he was arrested.  When they attempted to do so, they were told it was all gone.  Plaintiff alleges none of the property was returned to him.

On August 17, 2020, Plaintiff initiated a civil action in the District Court of Atchison County seeking the return of his property.  *See* Atchison County District Court, No. 2020-CV-000051.  On April 13, 2021, the state court granted the defendants' motion for summary judgment.  Plaintiff has not appealed the state court judgment.

In this action, Plaintiff claims the seizure of his property violated his civil rights.  He seeks the return of his property and damages for pain and suffering.  He names as defendants the Atchison Police Department; the Atchison County Sheriff's Department; the Unified Government of Atchison County, Kansas; Sherri Becker, District Attorney; Mike Wilson, Chief of Police; and Travis Wright, Captain in the Sheriff's Department.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate.  28 U.S.C. § 1915A(a).  Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency.  *See* 28 U.S.C. § 1915(e)(2).  Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988)

(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v.*

*Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  Discussion

Plaintiff claims Defendants violated his constitutional rights based on the confiscation and/or destruction of his personal property.  He does not state which of his constitutional rights he believes Defendants have violated.  The Court construes the Complaint as asserting a Fourteenth Amendment due process claim.

The Due Process Clause of the Fourteenth Amendment guarantees due process when a person may be deprived of life, liberty, or property. U.S. Const. amend. XIV, § 1. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"  *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976) (citing *Armstrong v. Manzo,* 380 U.S. 545, 552 (1965)); *Dusenbery v. United States,* 534 U.S. 161, 167 (2002) (quoting *United States v. James Daniel Good Real Property,* 510 U.S. 43, 48 (1993)) ("individuals whose property interests are at stake are entitled to 'notice and an opportunity to be heard.'").  However, "[t]he Fourteenth Amendment does not protect against all deprivations" of property but only

against those "accomplished 'without due process of law.'" *Baker v. McCollan,* 443 U.S. 137, 145 (1979); *Zinermon v. Burch,* 494 U.S. 113, 126 (1990) (A constitutional due process violation that is actionable under § 1983 "is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process."); *see also Hudson v. Palmer,* 468 U.S. 517, 533 (1984) (recognizing a due process deprivation does not occur "until and unless" the State provides or refuses to provide a suitable post-deprivation remedy).  In most circumstances, pre-deprivation process is expected.  *See, e.g., Mitchell v. W.T. Grant Co.,* 416 U.S. 600, 611 (1974).  However, where it is impossible to provide a meaningful pre-deprivation hearing, the state must provide a meaningful post-deprivation hearing.  *Parratt v. Taylor,* 451 U.S. 527, 541 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327, 330 (1986).

In *Parratt,* the United States Supreme Court ruled that when a plaintiff alleges deprivation of a property interest occurring as a result of "a random, unauthorized act," the Fourteenth Amendment's due process requirement is satisfied if the state provides an adequate post-deprivation remedy.  *Id.* at 541–43; *Hudson,* 468 U.S. at 533; *Zinermon,* 494 U.S. at 128 ("*Parratt* and *Hudson* represent a special case ... in which postdeprivation tort remedies are all the process that is due, simply because they are the only remedies the State could be expected to provide."); *Palmer v. Unified Government of Wyandotte County/Kansas City, Kansas,* 72 F. Supp. 2d 1237, 1252 (D. Kan. 1999).  Though *Parratt* involved negligent deprivations of property, the Court later held that this reasoning also applied to intentional deprivations of property.  *Hudson,* 468 U.S. at 533.

Accordingly, property loss claims are not cognizable under § 1983 in federal court when a state's post-deprivation remedies are adequate to protect a plaintiff's procedural due process rights.  Where states provide an adequate remedy, that remedy itself constitutes the due process required

by the Fourteenth Amendment.  *Parratt,* 451 U.S. at 543–44; *McCormick v. City of Lawrence, Kansas,* 253 F. Supp. 2d 1172, 1198–99 (D. Kan. 2003) (citing *Hudson,* 468 U.S. at 530–33), *aff'd,* 99 F. App'x 169 (10th Cir. 2004); *see also Smith v. Colo. Dep't of Corr.,* 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees.").  Therefore, in order "to state a § 1983 claim, (Plaintiff) was required to plead the inadequacy or unavailability of a post deprivation remedy." *Montana v. Hargett,* 84 F. App'x 15, 16 (10ᵗʰ Cir. 2003) (unpublished) (citing *Durre v. Dempsey,* 869 F.2d 543, 548 (10th Cir. 1989) (affirming dismissal of plaintiff's due process deprivation of property claim, stating that "[i]n order to state a claim under § 1983, a complaint must allege facts sufficient to show deprivation, in this case the lack of an adequate state remedy")).

Kansas provides post-deprivation remedies to persons who believe they have suffered a tortious loss at the hands of state officials.  For example, K.S.A. § 60–1005 provides a procedure for actions to recover personal property and specifically authorizes a replevin action for property in the custody of an officer as a result of any legal process. *See* K.S.A. § 60–1005(c) ("If the property the possession of which is sought is in the custody of an officer under any legal process it shall nevertheless be subject to replevin under this section").  Kansas law also provides for conversion actions (*see, e.g., Herndon v. City of Park City, Kan.,* 2007 WL 3171524, *3 (assertion that "property has either been lost or disposed of, or remains in possession of defendant or its agents" represents the "textbook definition of conversion")) and claims under the Kansas Tort Claims Act.  In addition, Kansas has a statutory scheme for returning property seized as evidence (*see* K.S.A. 22-2512) and the Kansas Standard Asset Seizure and Forfeiture Act (*see* K.S.A. 60-4101, *et seq.*).

These types of state procedures have generally been held sufficient to satisfy the requirements of due process.  *Parratt,* 451 U.S. at 543–44; *see also Thompson v. City of Shawnee*, 464 F. App'x 720, 724 (10th Cir. 2012); *Harmon v. Williams,* 77 F. App'x 440, 441–42 (10th Cir. 2003) (unpublished); *Bridgeforth v. Field,* 153 F.3d 726, *2 (10th Cir. July 17, 1998) (Table), *cert. denied,* 525 U.S. 1154 (1999).  Courts in this district have already specifically determined that these Kansas procedures are adequate post-deprivation remedies for the type of harm alleged in Plaintiff's complaint.  *Roman v. FNU LNU Unknown State & Loc. Offs., Barton Cty., Kan.*, No. 12-3065-SAC, 2012 WL 1970384, at *4–5 (D. Kan. June 1, 2012); *Herndon,* 2007 WL at 3171524 at *3 (citing, among other authorities, Kansas decisions that have recognized the availability of sufficient post-deprivation procedures, including *Wilkins v. Skiles,* 2005 WL 3084902, at *8 (D. Kan. Oct. 20, 2005) (finding that the plaintiff's Fourteenth Amendment procedural due process claim was barred because the claim was based on an alleged failure to follow state mandated procedures and the plaintiff had an adequate remedy under Kansas law based on a replevin action or an action for conversion); *Haynes*, 2005 WL 2704956, at *5 (finding that the plaintiff's Fourteenth Amendment due process claim was barred because the claims were based on random, unauthorized acts, and plaintiff had an adequate state law remedy under the Kansas Tort Claims Act or a claim for conversion); *McCormick,* 253 F. Supp. 2d at 1198–99 (same).  These remedies provide all the process that is due to Mr. Jackson.

Indeed, Plaintiff filed an action in State court to attempt to recover his property.  *See Jackson v. Atchison Police Dep't, et al.*, No. 2020-CV-000051, Atchison County District Court. While Plaintiff was not successful, "[w]hether plaintiff succeeds in redressing his loss through the available state remedies is immaterial; the existence of these alternate remedies bars a Section 1983 procedural due process claim."  *Kalbaugh v. Holt*, No. CIV-21-173-R, 2021 WL 1775824,

at *3 (W.D. Okla. Apr. 6, 2021), *report and recommendation adopted*, No. CV-21-173-R, 2021 WL 1760045 (W.D. Okla. May 4, 2021), (citing *Khalafala v. Scully*, No. CV 08-6773 SJO (FMO), 2009 WL 2351726, at *2 (C.D. Cal. 2009); *Broadnax v. Pugh*, No. 5:15-03736, 2017 WL 5617768, at *8 (S.D. W. Va. Oct. 24, 2017) ("The mere fact that ... Plaintiff may be unsuccessful [in obtaining the return of his property] in his State case, does not establish that Plaintiff's property was taken without due process.")).

The Court finds that Plaintiff fails to state a plausible federal constitutional claim of denial of due process for the reason that adequate post-deprivation remedies were available to Mr. Jackson in state court.

## IV.  Response Required

For the reasons stated herein, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his Complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the Complaint being dismissed for the reasons stated herein without further notice.

## V.  Pending motions

Plaintiff has two motions for leave to proceed in forma pauperis pending (ECF Nos. 3 and 6).  He has not filed the required financial information to support his motions.  Plaintiff asserts he has requested the information, but it is has not been provided to him by the facilities where he has been confined.

The Court grants Plaintiff leave to proceed without prepayment of fees.  This does not relieve Plaintiff of the obligation to pay the full $350.00 fee.  Instead, it merely entitles him to pay

the fee over time through payments automatically deducted from his inmate trust account as authorized by 28 U.S.C. § 1915(b)(2).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **July 7, 2021,** in which to show good cause, in writing, why the Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Leave to Proceed In Forma Pauperis (ECF Nos. 3 and 6) are **granted**. Plaintiff remains obligated to pay the $350.00 filing fee. The agency having custody of Plaintiff shall forward payments from Plaintiff's account in installments calculated under 28 U.S.C. § 1915(b)(2). The clerk is to transmit a copy of this order to Plaintiff, to the finance office at the institution where Plaintiff is currently confined, and to the Court's finance office.

**IT IS SO ORDERED.**

DATED: This 7th day of June, 2021, at Topeka, Kansas.

s/ Sam A. Crow_____
**SAM A. CROW**
**U.S. Senior District Judge**